DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　vs.<br><br>HERBERT TUDELA SABLAN,<br><br>　　　　　Defendant-Petitioner. | Criminal Case No. 01-00101<br><br>Civil Case. No. 02-00027<br><br>**ORDER** |

This matter is before the Court on the defendant-petitioner's ("defendant") motion to set aside, correct or vacate his sentence of 51 months pursuant to 28 U.S.C. § 2255. The defendant states that his sentence was erroneously calculated. His sentence did not reflect the proper number of points for his acceptance of responsibility. Based upon relevant authority, the Court hereby DENIES the defendant's motion.

**I. BACKGROUND**

On October 11, 2001, the defendant pled guilty to a charge of possession of thirty-five (35) grams of crystal methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The defendant pled guilty pursuant to a signed Rule 11(e)(1)(C) plea agreement which was filed on October 11, 2002. The parties agreed that under the 1997 edition of the United States Commission Sentencing Guidelines Manual, the total base offense level was 22, with a corresponding sentencing range of 41 to 51 months. The defendant agreed with the Government that the appropriate sentence in this case would be 51 months.

1  The Court conducted a Rule 11 hearing, and finding that the plea had been freely and voluntarily made and that the defendant had a full understanding of the charge and consequences of the plea, the plea was entered. On February 5, 2002, the Court sentenced the defendant pursuant to the terms agreed upon in the plea agreement.

## II. DISCUSSION

A prisoner in custody may bring a motion to attack his sentence under 28 U.S.C. § 2255 by demonstrating "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

The defendant now argues that under the presentence investigation report ("PSR") he was to receive a 3-point downward adjustment for acceptance of responsibility under §3E1.1(b). However, the plea agreement only provided the defendant credit for 2 points. The defendant argues that had he been given 3 points instead of 2 as set forth in the plea agreement, his offense level would have been reduced from a level 22 with a sentencing range of 46 to 51 months to an offense level of 21 with a sentencing range of 37 to 46 months. He argues that his defense counsel should have contested the sentence as erroneous and that his attorney's failure to raise this issue constituted ineffective assistance of counsel.

As noted, the type of plea agreement the defendant signed, included a binding sentencing range. This type of agreement is governed by Federal Rule of Criminal Procedure 11(e)(1)(C). A "type (C)" plea "is binding on the court once it is accepted by the court." Fed.R. Crim. P. 11 (e)(1)(C). The Court either accepts or rejects the plea agreement. See United States v. Fernandez, 960 F.2d 711, 773 (9th Cir. 1992)

The plea agreement is very clear. Under the United States Sentencing Guidelines the sentence range was 41 to 51 months. The parties agreed that the appropriate disposition of the case was for the defendant to be sentenced to 51 months. The record reflects that in response to this Court's questions at the plea hearing, the defendant acknowledged that he had read the plea

agreement and had discussed it with counsel.[1] He understood the charge to which he was pleading guilty and he was pleading guilty of his own free will because he was guilty.[2] The Court informed the defendant that it intended to honor the plea agreement. "When a plea agreement is made pursuant to Fed. R. Crim. P. 11(e)(1)(C), the trial court may accept or reject the agreement, but, absent exceptional circumstances, it may not accept the defendant's guilty plea and impose a sentence greater, United States v. Herrera, 640 F.2d 958, 960 n. 2 (9th Cir. 1981) (dictum); United States v. Burruezo, 704 F.2d 33, 38 (2d Cir. 1983), or less severe, United States v. Sempler, 883 F.2d 832, 833 (9th Cir. 1989), than that agreed upon." United States v. Fernandez, 960 F.2d 711, 773 (9th Cir. 1992). The defendant has failed to explain the exceptional circumstances that would have moved this Court to impose a sentence less severe than what was set forth in the plea agreement.

Moreover, the defendant was in possession of the PSR prior to his sentencing. He could have objected to the plea agreement as not in conformance with the PSR had that been a concern. However, no objection was raised. "A defendant waives his right to attack the presentence report through a § 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal." See United States v. Donn, 661 F.2d 820, 824 (9th Cir. 1981). The defendant claims that his lawyer's failure to raise such an objection constituted ineffective assistance of counsel.

To demonstrate ineffective assistance of counsel, the defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The two-prong test in Strickland "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of guilty pleas, a petitioner fulfills the first prong of the Strickland test "by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988).

///

---

[1] United States v. Herbert Tudela Sablan, Case No. CR01-00101, Plea Hearing Transcript (October 11, 2001), page 9.

[2] Id. at page 10.

| | |
|---|---|
| 1 | Here, the defendant claims counsel should have informed the Court that the PSR provided the defendant a 3-point downward adjustment for acceptance of responsibility under U.S.S.G. §3E1.1(b)(2). However, the Court notes that the PSR also recounts pertinent terms as contained in the plea agreement. For example, the probation officer noted that the parties entered into an agreement pursuant to Fed. R. Crim. P. 11 (e)(1)(C) and calculated the Total Offense Level to be 22 resulting in a guideline range of 41 to 51 months.[3] The probation officer noted that the parties agreed to 51 months as the appropriate sentence in the case.[4] Under the circumstances, the Court finds counsel's failure to raise any supposed inconsistency in the PSR was not unreasonable. The parties entered into a binding plea agreement and the PSR appropriately stated the terms of that agreement. Accordingly, counsel's assistance did not amount to ineffective assistance of counsel. |

Here, the defendant claims counsel should have informed the Court that the PSR provided the defendant a 3-point downward adjustment for acceptance of responsibility under U.S.S.G. §3E1.1(b)(2). However, the Court notes that the PSR also recounts pertinent terms as contained in the plea agreement. For example, the probation officer noted that the parties entered into an agreement pursuant to Fed. R. Crim. P. 11 (e)(1)(C) and calculated the Total Offense Level to be 22 resulting in a guideline range of 41 to 51 months.[3] The probation officer noted that the parties agreed to 51 months as the appropriate sentence in the case.[4] Under the circumstances, the Court finds counsel's failure to raise any supposed inconsistency in the PSR was not unreasonable. The parties entered into a binding plea agreement and the PSR appropriately stated the terms of that agreement. Accordingly, counsel's assistance did not amount to ineffective assistance of counsel.

The defendant fulfills the second prong of the Strickland test by showing that there is a reasonable probability that absent counsel's erroneous advice he would have insisted upon going to trial. Hill, 474 U.S. at 59. Here, the defendant does not assert that he would have insisted upon going to trial. The defendant only asserts that counsel failed to contest the sentence as erroneous. It is well settled that a petitioner is tasked with pleading the actual resulting prejudice. Id. Accordingly, the motion and record of the case conclusively show that the defendant is entitled to no relief under the circumstances. The sentence imposed on the defendant was in accordance with the negotiated agreement and was the sentence for which he bargained.

///
///
///
///

---

[3] United States v. Herbert Tudela Sablan, Case No. CR01-00101, Presentence Investigation Report, paragraphs 72-77.

[4] Id. at paragraph 77.

## III. CONCLUSION

For the foregoing reasons, the Court denies the defendant's motion to vacate, set aside, or correct sentences on the basis of an erroneous sentence.

SO ORDERED this _____ day of November, 2002.

_____
JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on 11-22-02. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam

By: _____
Deputy Clerk    Date